JACOB FRITZ *vs.* ANTHONY J. CREAN.

Franklin. December 1, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Fire District. Elections. Estoppel.*

A warrant in writing for a meeting of a fire district signed by the chief engineer is a sufficient compliance with the provision of R. L. c. 32, § 55, that such a meeting shall be called when requested in writing by the chief engineer.

An act creating a fire district provided that it might "adopt by-laws prescribing by whom and how meetings may be called and notified." One of the by-laws of the district provided that "the annual meeting shall be called according to law." The district passed a vote requiring copies of the warrant calling a meeting to be posted at various places named, but this vote did not operate as an amendment to the by-law because not adopted in the manner required for such an amendment. A meeting of the district was notified in accordance with R. L. c. 32, § 55, but the vote requiring the posting of copies of the warrant was not complied with. *Held,* that the meeting was notified properly "according to law" as required by the by-laws.

Under R. L. c. 32, § 55, if a declaration by the moderator of a meeting of a fire district is necessary in order to complete an election of an officer, a declaration made by tellers in the presence of the moderator and received by the meeting is a declaration by the moderator within the meaning of the statute.

*Semble,* that where oral evidence of the doings of a meeting of a fire district has been put in without objection, it is too late to take the ground that the declaration by the moderator of the vote of the meeting must appear by the records of the clerk alone, but, if such a record is required, a record stating, that there was a declaration of the election accepted by the meeting, imports a declaration by the moderator, if such a declaration is necessary.

If one who has been declared elected chief engineer at a meeting of a fire district is present at a recount, to guard his interests, he is not estopped thereby from setting up the illegality of the recount.

Where, as in case of the election of a chief engineer by a fire district under R. L.

c. 32, § 54, there is no provision for a recount, the original count is final. In such a case the clerk should destroy the ballots, and, if illegally he preserves them, they cannot be used to invalidate the election.

LORING, J. This is a petition for a writ of mandamus, brought to enforce the right of the petitioner to the office of chief engineer of the Turner's Falls Fire District. It appeared at the hearing that a meeting of the fire district was held on May 19, 1902, at which the tellers of the meeting reported that the petitioner had received two hundred and sixty-eight votes and the respondent two hundred and sixty-one. Subsequently, upon the petition of eleven voters of the district, the registrars of voters of the town of Montague recounted the votes and found and reported to the clerk of the district that the petitioner had two hundred and sixty-one votes and the respondent two hundred and sixty-five. Thereupon the clerk gave a certificate of election to the respondent, and he has since acted as chief engineer.

The respondent offered to show that the count made by the registrars of voters was correct, by producing the original ballots, coupled with evidence that they had remained sealed and not tampered with since the meeting except when handled on the recount.

It is now admitted that there is no authority for recounting the votes cast at such a meeting, and the legality of the petitioner's election is attacked on other grounds.

1. The first ground on which it is attacked is that the meeting was not properly called. It is provided by R. L. c. 32, § 55, that the meeting shall be called when requested in writing by the chief engineer, etc. The warrant in case of this meeting was in writing and was signed by the chief engineer. That was sufficient.

2. The second ground of attack is that the meeting was not properly notified. This contention rests on the fact that at some time not stated, prior to the meeting in question, the district had voted under an article " To determine the manner of posting warrants and to transact any other business that may legally come before the meeting," " that copies of the warrant be posted at the Farren Hotel, Depot, Post Office and by publishing in the Reporter at least seven days before said meeting."

This vote was not complied with in the notification given of the meeting in question.    But the act creating the fire district provides that it " may adopt by-laws prescribing by whom and how meetings may be called and notified."    St. 1886, c. 266, § 11. One of the by-laws of the district provided that " the annual meeting shall be called according to law."    The vote in question did not operate as an amendment of the by-laws because it never had been " presented at a regular meeting of the Board of Engineers " or " received the sanction of the majority of the Board of Engineers at a subsequent regular meeting," as required by the article in the by-laws of the district as to amending those by-laws.    The meeting was notified in accordance with R. L. c. 32, § 55, and for that reason was notified in compliance with the by-laws of the district, which adopted the provisions of the general laws.    R. L. c. 32, § 55.

3.  The next contention is that the moderator did not make a declaration that the petitioner was elected.    By R. L. c.,32, § 55, the moderator of the fire district has the powers of the moderator of a town meeting; and by R. L. c. 11, § 332, it is provided that the moderator of the town " shall . . . make public declaration of all votes."    In the case at bar, the declaration was made by the tellers in the presence of the moderator and was received by the meeting.    Assuming without deciding that a declaration by the moderator was necessary, we think that that was a declaration by the moderator within the statute.    See in this connection *Putnam* v. *Langley*, 133 Mass. 204, 205.

4.  The next objection is that the record of the clerk of the district does not show that a declaration of the election of the petitioner was made by the moderator.    The record of the clerk is as follows :  " The tellers made the following report : Total vote cast 530 ; For Chief Engineer, Jacob Fritz has 268, Anthony J. Crean has 261.    The ballots were sealed by Lucas J. March, moderator, and D. F. Daly, clerk, and at 11.06 P. M. the meeting voted to dissolve.    The clerk was authorized to care for the ballots by the moderator.    Daniel F. Daly, Clerk."    As parol evidence of the doings of the meeting seems to have been put in without objection, the respondent would seem to have waived his right to have the matter of the declaration having been made determined by the record alone, as to which see *Stough-*

*ton School District* v. *Atherton*, 12 Met. 105, 113.    But however that may be, we think that the record is a sufficient record of the election of the petitioner ; it states that there was a declaration of the election accepted by the meeting; that imports a declaration by the moderator, if such a declaration is necessary.

5. The next objection is that the petitioner is estopped to contest the recount because he was present at it.    We think that the petitioner could attend, when he was notified that it was proposed without right to recount the votes, to guard his interests, without thereby being estopped to set up the illegality of the recount.    As no recount is provided for, the action of the clerk in preserving the ballots was illegal, and the result declared at the meeting cannot be affected by the recount made by the registrars of voters.    For the same reason the offer to prove that the count made in the meeting was erroneous was rightly refused.    Where no provision is made for a recount, the original count is final and binding upon the court as well as upon others.    See Opinion of the Justices, 117 Mass. 599, 600.    As soon as the meeting dissolved, no recount being possible, the ballots should have been destroyed, as is provided in case of elections in cities and towns.    R. L. c. 11, § 241.

*Writ to issue.*

*F. L. Greene, W. A. Davenport & A. D. Flower*, for the respondent.

*D. Malone*, for the petitioner.