NATHANIEL A. ELDRIDGE *vs.* SELECTMEN OF CHATHAM.

Suffolk.    May 16, 1906. — June 19, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Elections.    Municipal Corporations.*

Under R. L. c. 11, §§ 266, 267, except in towns where the official ballot is used or where the officers are " voted for on one ballot," there can be no recount of the votes cast for an officer of a town after the result of the election has been announced and recorded and the meeting has been adjourned.

PETITION, filed March 5, 1906, by Nathaniel A. Eldridge of Chatham for a writ of mandamus addressed to Meriton E. Nickerson, Alvin Z. Atkins and Oliver E. Eldredge, acting as selectmen of that town, commanding the respondents Nickerson and Atkins to recognize the petitioner as a selectman and member of their board in place of the respondent Eldredge, and commanding the respondent Eldredge to refrain from intruding himself as a member of that board or doing any act as such member.

The case came on to be heard upon the petition and answers

before *Hammond*, J., who reported it for determination by the full court, such action to be taken as law and justice might require.

The justice made the following findings:

" I find that at the town meeting the tellers duly appointed by the moderator reported that for the office of selectman, assessor and overseer of the poor the petitioner received one hundred and fifty-two votes and the respondent one hundred and forty-nine votes, and that thereupon the moderator announced that the petitioner was elected and the records of the clerk were made up accordingly and were approved before the meeting adjourned; and that upon such adjournment no question was made of the petitioner's election.

" As to the ballots I find that they were tied and carefully kept together, but not placed in a sealed envelope, and at the close of the announcement by the moderator were delivered by one of the tellers into the possession of the town clerk, who retained them until they were delivered to the board of registrars for a recount. I find that the recount was carefully conducted and that the petitioner was represented by counsel, who at the close of the recount said he was satisfied and suggested in substance to the registrars that their certificate of the result of the recount should close with a statement that the town records should be amended in accordance therewith, but I do not find that any of the rights to insist upon the invalidity of the recount were waived either by the petitioner or by his counsel. I find that the registrars had before them all the ballots and none others which were cast at the election, and, if it be material, I find that the recount shows the true result of the election, namely, that the petitioner had only one hundred and fifty-one votes, while the respondent had one hundred and fifty-two votes.

" I find that the petition for the recount was not sworn to by any of the subscribers thereto, but only by the respondent, Oliver E. Eldredge, and that the town clerk before whom it was sworn was not a justice of the peace nor a notary public, but was town clerk and a member of the board of registrars.

" At the hearing the petitioner contended that the declaration by the moderator was the official declaration of the result of the

election; that there was no provision in law for the recount of votes cast at such an election, and moreover that even if there was, the petition was not sworn to by the right persons or before the proper officer. The respondents contended that the recount was in accordance with law, and that the result was the legal result of the election."

*C. Bassett & F. Ranney,* for the petitioner.

*H. A. Harding,* for the respondents.

KNOWLTON, C. J. At a meeting of the voters of the town of Chatham for the election of town officers, after the votes had been counted it was announced by the moderator that the petitioner had received one hundred and fifty-two votes for the office of selectman, assessor and overseer of the poor, and the respondent Oliver E. Eldredge had received one hundred and forty-nine votes. The petitioner was then declared elected, and due record was made accordingly. Afterwards he took the oath of office and entered upon the performance of his duties. Upon these facts it would appear that he was duly elected, and he would be entitled to hold the office throughout its term if there were nothing to deprive him of the right.

Subsequently measures were taken to obtain a recount of the ballots. A recount was made by the registrars of voters. They found that the respondent Eldredge had received one hundred and fifty-two votes and the petitioner only one hundred and fifty-one votes, and the records of the town were amended accordingly. The respondent Eldredge has been recognized by the other respondents as duly elected, and is now in the performance of the duties of the office. The questions are whether such a recount was authorized by the statute, and whether this recount was inaugurated and conducted in accordance with the provisions of law, so as to deprive the petitioner of the office to which he was regularly declared elected at the town meeting.

As proceedings for a recount of votes are strictly statutory, they are of no effect unless they are authorized by the statute and begun and conducted as the statute provides. The town did not use the official ballot, and the town clerk, selectmen, assessors, treasurer, collector of taxes and school committee were not voted for on one ballot. It is only when one or the other of these conditions exists that the statute provides for

enclosing the ballots in envelopes and preserving them. R. L. c. 11, §§ 239, 345. Under the R. L. c. 11, §§ 266, 267, when an application for a recount of votes is made, " the envelopes containing the ballots, sealed," are to be transmitted by the town clerk to the registrars of voters, who are to " open the envelopes, recount the ballots and determine the questions raised." These sections, which are the only ones providing for a recount of votes after an election of town officers, are applicable only to those cases where the statute requires the ballots " to be publicly enclosed in an envelope and sealed up with the seal provided for the purpose." It follows that, except in towns where the official ballot is used, or where the officers above mentioned are " voted for on one ballot," no recount of votes can be had after the result of the election has been announced and recorded and the meeting has been adjourned. This view is strengthened by reference to similar provisions of earlier statutes. St. 1886, c. 262, § 2. St. 1886, c. 264, § 11. St. 1890, c. 423, §§ 97, 226. St. 1893, c. 417, §§ 174, 208, 276. It therefore becomes unnecessary to consider the other alleged defects in the proceedings on which the recount was founded, some of which appear to be important.

As the registrars of voters had no jurisdiction to recount the votes, the result of their action cannot be considered, and the election declared by the voters in town meeting is valid.

*Peremptory writ of mandamus to issue.*