ANNA M. BERARDI *vs.* REGISTRARS OF VOTERS OF MILFORD
& another.

Worcester.    September 24, 1945. — December 3, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Elections. Mandamus. Pleading, Civil,* Answer. *Waiver. Jurisdiction,*
Consent or waiver.

An answer to a petition seeking a writ of mandamus directing the regis-
trars of voters of a town to count certain votes in favor of the peti-
tioner in a recount of votes cast at an election, was an answer in bar,
although it purported to be "by way of plea in abatement," where
the facts set forth therein, if established, showed that the registrars
had no jurisdiction to conduct a recount.

A petitioner, seeking a writ of mandamus requiring the registrars of
voters of a town to count certain votes in favor of the petitioner in a
recount of votes cast at an election, failed to maintain a contention
that the recount was sought under § 134 of G. L. (Ter. Ed.) c. 54
where all the allegations of the petition imported that the recount
was sought under § 135, as amended, and there was no mention of
§ 134 either in the petition or at a hearing in the Superior Court when
the petition was dismissed upon an answer in bar setting up lack of
jurisdiction in the registrars to conduct the recount because of non-
compliance with § 135.

Registrars of voters had no jurisdiction under G. L. (Ter. Ed.) c. 54, § 135,
as amended, to conduct a recount of votes cast in an election where the
written statement filed with the town clerk as a basis of the recount
was not "sworn to" as required by the statute.

The fact, that a party respondent in a petition, seeking a writ of man-
damus requiring registrars of voters to count certain votes for the
petitioner in a recount under G. L. (Ter. Ed.) c. 54, § 135, as amended,
of votes cast at an election, attended the recount and challenged cer-
tain ballots to protect his interests against the petitioner, did not pre-
clude him from contending at the hearing of the petition that the
registrars had no jurisdiction to conduct the recount because the state-
ment filed with the town clerk as a basis for the recount was not
"sworn to" as required by the statute.

No error appeared in a refusal by a judge of the Superior Court to pro-
ceed further with a hearing of a petition seeking a writ of mandamus
giving directions to registrars of voters respecting the counting of
certain ballots in a recount under G. L. (Ter. Ed.) c. 54, § 135, as
amended, after he had found that the registrars had no jurisdiction
to conduct a recount.

PETITION, filed in the Superior Court on March 22, 1945, for a writ of mandamus.

The case was heard by *Buttrick,* J.

*F. P. McKeon,* (*A. M. Berardi* with him,) for the petitioner.

*W. A. Murray,* (*W. A. Murray, Jr.,* with him,) for the respondent Murray.

QUA, J. The petitioner appeals from a judgment of the Superior Court dismissing her petition for a writ of mandamus to compel the respondent registrars of voters to count certain ballots in favor of the petitioner at a recount of votes cast at an election for school committee in Milford.

One Mary E. A. Murray, the petitioner's nearest competitor, who appeared to have been elected upon the original count, was brought in to defend as the real party in interest. G. L. (Ter. Ed.) c. 249, § 5, as last amended by St. 1943, c. 374, § 2. Mary E. A. Murray filed an answer wherein she alleged "by way of plea in abatement" that the written statement filed with the town clerk as a basis for the recount was not "sworn to by one of the subscribers" as required by G. L. (Ter. Ed.) c. 54, § 135, as appearing in St. 1943, c. 417, and that the registrars had no jurisdiction to make any recount. At the hearing the petitioner admitted that which also appears from the face of the papers comprising the "statement" filed with the clerk, which were admitted in evidence, to wit, that none of the subscribers to any paper in any of the precincts made oath to it.

Although the answer seems to have been called by everybody at the hearing a plea in abatement, it did not aim merely at abatement of the present proceeding. If the matter set up in the answer and proved at the hearing was a valid defence at all it was a complete bar to the cause of action for a writ of mandamus. The court would not in this or in any subsequent proceeding direct the registrars how to conduct a recount which they had no jurisdiction to make. The so called plea in abatement was an answer in bar.

The matter set up in the answer was a valid defence to the cause of action declared upon in the petition. The petition alleges that within three days after the election the petitioner asked for a recount and filed a written statement signed by more than ten voters in each of the five precincts, "duly sworn to" and certified as to the signatures by the registrars, wherein it is alleged that the signers believed and had reason to believe that the records of the election were erroneous and that a recount would "affect the election of . . . [the] petitioner favorably, and that of Mary E. A. Murray, adversely." All of these allegations import that the recount was held in accordance with § 135. There is nothing in the allegations importing that it was held under any other statutory provision. Particularly there is nothing to show that it was held in accordance with § 134 of the same chapter, as the petitioner now contends it may have been. There was no mention of § 134 either in the pleadings or at the hearing. A recount in accordance with § 134 is initiated by a "written claim to such office or a declaration of an intention to contest the election of any other person" and not by the statement by ten voters in each disputed ward, town, or precinct which is required under § 135 and which is referred to in the petition. There are no allegations that the petitioner filed the claim or declaration required to lay the foundation for a recount under § 134. The provision in the latter part of § 134 giving in certain instances to "the officers required by law finally to examine the records and to issue certificates of election to such office" power to recount the ballots, even if we assume, but without intimating any opinion, that registrars of voters can ever fall within this group of officers, or can fall within it in the absence of the sworn statement required by § 135, does not confer upon such officers a general discretionary power to hold recounts at will. At most it confers a power to recount only where the requirements set forth in the earlier part of § 134 of claim or declaration by a candidate have been complied with. The connection between the earlier and the later parts of this

section is made clear by the wording of the similar sections of earlier statutes.[1]

It is well settled that recounts are wholly a matter of statute, and that they are of no validity unless the foundation required by statute is laid. *Eldridge* v. *Selectmen of Chatham*, 192 Mass. 409, 411. *Swift* v. *Registrars of Voters of Milton*, 281 Mass. 264, 268. *Clancy* v. *Wallace*, 288 Mass. 557, 563. *Fitzpatrick* v. *Pope*, 307 Mass. 611. See *Fritz* v. *Crean*, 182 Mass. 433. The burden was upon the petitioner to allege and to prove that the recount which she seeks to control by judicial action was a genuine and lawful recount which the registrars had power to make. Since she did not allege in any form of words that the recount was held under § 134 or under any provision of law, unless it be § 135, and since it was proved both by the incontrovertible evidence of the statement filed with the town clerk and by admission of the petitioner at the hearing that a condition precedent to a valid recount under § 135, to wit, the swearing of one of the subscribers to the statement, had not been performed, there was nothing for the trial judge to do but to dismiss the petition for mandamus.

If the recount by the registrars was without authority, which so far as appears was the fact, the respondent Murray could not give it validity on any principle of waiver or estoppel, even if, as the petitioner asserts, said Murray attended at the recount and challenged ballots to protect her interests. *Fritz* v. *Crean*, 182 Mass. 433, 436. Lack of notice to a party might be held immaterial or to have been waived if the party in fact attended. *Clancy* v. *Wallace*, 288 Mass. 557, 564–565. But lack of jurisdiction of the board to act is a different matter. *Eaton* v. *Eaton*, 233 Mass. 351, 364. *Jones* v. *Jones*, 297 Mass. 198, 202.

When it appeared as matter of law that this petition could in no event be maintained, there was no error in the

---

[1] St. 1871, c. 40, § 2. St. 1874, c. 376, § 47. St. 1884, c. 299, § 29. St. 1890, c. 423, § 103. St. 1893, c. 417, § 206. *Opinion of the Justices*, 117 Mass. 599. For corresponding sections of other earlier statutes in which this provision was omitted see St. 1876, c. 188, § 2; Pub. Sts. c. 7, § 35; *Opinion of the Justices*, 136 Mass. 583. The provision was restored by St. 1884, c. 299, § 29.

judge's refusal to enter upon an entirely useless inquiry as to the markings upon the ballots. And since the result reached in the Superior Court was inevitable on the pleadings and the admitted facts, we need not consider whether the manner of conducting the hearing was in all respects technically correct. We do not imply that it was not. *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617, 620, and cases cited.

*Judgment affirmed.*