332 Mass. 241                                                    241

Chairman of the State Housing Board v. Civil Service Commission.

---

CHAIRMAN OF THE STATE HOUSING BOARD *vs.* CIVIL SERVICE COMMISSION.

Suffolk. October 5, 6, 1954. — February 11, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Commonwealth*, Officers and employees. *Veteran.*

A veteran who had served less than three years in the position of executive secretary of the State housing board when he was removed therefrom because of lack of work was not entitled to "tack" to such service a previous period of service of over two years in the position of expediter for the board and was not entitled to the benefits of G. L. (Ter. Ed.) c. 30, § 9A, as appearing in St. 1947, c. 242, where it appeared that in fact the positions of executive secretary and of expediter were different.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on February 17, 1954.

The case was reported by *Counihan, J.*, without decision.

*Milton I. Abelson*, Assistant Attorney General, for the petitioner.

*James L. Vallely*, for the respondent.

COUNIHAN, J.   This is a petition for a writ of certiorari to review the action of the civil service commission, hereinafter called the commission, sustaining an appeal to it by Joseph L. Walsh from the action of the petitioner removing him from the position of executive secretary of the State housing board, hereinafter called the board.   The commission found that the action of the petitioner was not justified and ordered that Walsh be returned to his former position. The action of the commission was taken allegedly by virtue of G. L. (Ter. Ed.) c. 30, § 9A, as appearing in St. 1947, c. 242.[1] See also G. L. (Ter. Ed.) c. 31, § 43 (b), as appearing in St. 1948, c. 240.[2]

After hearing, the single justice of this court reserved and reported the case to the full court without decision for its determination upon the petition, the return, and the evidence taken before him pertaining to the jurisdiction of the commission to hear and pass upon the appeal of Walsh.

---

[1] "A veteran, as defined in section twenty-one of chapter thirty-one, who holds an office or position in the service of the commonwealth not classified under said chapter thirty-one, other than an elective office, an appointive office for a fixed term or an office or position under section seven of this chapter, and has held such office or position for not less than three years, shall not be involuntarily separated from such office or position except subject to and in accordance with the provisions of sections forty-three and forty-five of said chapter thirty-one to the same extent as if said office or position were classified under said chapter. . . ."

[2] "If within five days after receiving written notice of the decision of the appointing authority the person so discharged, removed, suspended, laid off, transferred or lowered in rank or compensation, or whose office or position was abolished, shall so request in writing, he shall be given a hearing before a member of the commission or some disinterested person designated by the chairman of the commission.   Said hearing shall be commenced in not less than three nor more than ten days, and shall be completed within thirty days, after the filing of such request, unless, in either case, both parties thereto shall otherwise agree in writing, and the findings shall be reported forthwith to the commission for action.   The decision of the commission shall be in writing and notice thereof sent to all parties concerned within ten days after the filing of the report.   If the commission finds that the action of the appointing authority was justified, such action shall be affirmed; otherwise, it shall be reversed and the person concerned shall be returned to his office or position without loss of compensation.   The commission may also modify any penalty imposed by the appointing authority."

G. L. (Ter. Ed.) c. 211, § 6. This question of jurisdiction presents the only substantial issue before us.

The following facts appear to be undisputed. Walsh was first employed by the board on June 21, 1948, as a senior project planner on a temporary basis. On November 15, 1948, he was appointed to the position of expediter. On March 21, 1951, he was appointed by the then chairman of the board as executive secretary. This appointment purported to be retroactive to July 1, 1950, and arose out of the following circumstances. On August 19, 1950, in the supplementary budget for the fiscal year ending June 30, 1951, the Legislature authorized the creation of three new positions in the board. St. 1950, c. 825, item 3504–70. On September 11, 1950, notice of this action of the Legislature was sent to the Governor and Council by the director of the division of personnel and standardization of the department of administration and finance. On October 10, 1950, the Governor and Council voted to create the position of executive secretary of the board. On February 9, 1951, by requisition No. 11,608 the then chairman of the board requested that the position of executive secretary of the board be filled by the appointment of Joseph L. Walsh and that the effective date of the appointment be July 1, 1950, to end on June 30, 1951. This requisition was approved by the then director of the division of personnel and standardization on March 21, 1951, at a salary rate of $6,600 effective July 1, 1950, and a salary rate of $6,960 effective November 15, 1950. In the records of the division of personnel and standardization the code number of an expediter is 61,031 and that of executive secretary is 61,033.

On July 14, 1953, after a change in the office of chairman of the board, the petitioner and then chairman, after a hearing of which Walsh had due notice, removed him from the position of executive secretary for lack of work. Walsh then appealed seasonably to the commission claiming that he was a veteran with at least three years' employment by the board under the provisions of c. 30, § 9A. After a hearing before a disinterested person appointed by the commis-

sion under the statute and a report by him, the commission on January 27, 1954, voted unanimously that the "action of the appointing authority . . . in the case of Joseph L. Walsh, be found to be not justified and that the commission order that such action be reversed, and that the employee . . . be returned to his position without loss of compensation."

It is agreed that Walsh is a veteran within the meaning of c. 30, § 9A, and that he was not a confidential employee within the provisions of c. 30, § 7. He was not employed in the classified service of the Commonwealth.

The commission admits in its brief that the real question in this case is, "Was it erroneous as a matter of law for the civil service commission to proceed on the basis that Joseph L. Walsh was entitled to the benefit of G. L. (Ter. Ed.) c. 30, § 9A?" We agree. The answer to this question depends, we think, upon the tenure acquired by Walsh in the position of executive secretary of the board at the time of his removal. The language of c. 30, § 9A, is significant. It reads in part, "A veteran . . . who holds an office or position in the service of the commonwealth . . . and has held *such* office or position for not less than three years, shall not be involuntarily separated from *such* office or position . . ." (emphasis supplied).

The commission does not seriously contend that the appointment as executive secretary on March 21, 1951, retroactive to July 1, 1950, brings Walsh within the three year period required by c. 30, § 9A. Obviously this could not be so for the position of executive secretary was not created until action by the Governor and Council on October 10, 1950.

The commission asserts, however, that his term of service as an expediter should be "tacked" on to his service as executive secretary. It asserts that the duties and salaries of both positions were the same and that the change of designation from expediter to executive secretary was made solely for administrative purposes. The record does not bear this out. It appears that the position of executive secretary was created by the Governor and Council on

October 10, 1950, after authorization by the Legislature in the supplementary budget adopted on August 19, 1950. It is apparent too from the authorization of the director of the division of personnel and standardization on March 21, 1951, that there was to be an increase in salary for the executive secretary purportedly beginning at least on November 15, 1950. The two positions were recognized in the records of the division under different code numbers. We are of opinion that in fact as well as in name they were different positions. The position of executive secretary was not "such . . . position" as that which he occupied as expediter. For a case where "tacking" was barred in circumstances not entirely dissimilar to those in this case see *Kelley* v. *School Committee of Watertown*, 330 Mass. 150, 152–153. See also *Riceman* v. *Commissioners of the Department of Public Utilities*, 321 Mass. 318, 321.

We are of opinion that Walsh did not hold the position of executive secretary of the board for a period of not less than three years and that he was not entitled to the benefit of c. 30, § 9A. The commission therefore acquired no jurisdiction to hear and pass upon his appeal.

The commission urges in its brief that the question of tenure of Walsh under c. 30, § 9A, could not be raised in the present proceedings because the petitioner ostensibly instituted the proceedings for the removal of Walsh under c. 31, § 43, as amended. Obviously c. 31, § 43, could not apply to Walsh because he was not within the classified service of the Commonwealth. The hearing given by the petitioner may have been due to an excess of caution or a misapprehension of the tenure held by Walsh. In any event the petitioner could not waive the express provisions of c. 30, § 9A, in so far as they applied to the removal of Walsh. See *Berardi* v. *Registrars of Voters of Milford*, 318 Mass. 748, 751.

Judgment is to be entered quashing the order of the civil service commission returning Joseph L. Walsh to the position of executive secretary of the State housing board without loss of compensation.

*So ordered.*