CARL A. BIGHAM & others vs. PLANNING BOARD OF NORTH READING. June 5, 1972.   The defendant planning board appeals under G. L. c. 41, § 81BB, and c. 214, § 19, from a final decree of the Superior Court reversing its decision, dated October 5, 1967, in which the board purported to rescind its prior approval (given in January, 1961, and October, 1963) of a certain subdivision plan.   The plaintiffs, the Bighams, are the owners of the land constituting the subdivision, and the plaintiff Melrose Savings Bank is the holder of an outstanding mortgage thereon, executed in December, 1966, and discharging an earlier mortgage made in December, 1963.   The plaintiffs contend that the board could not rescind without the consent of the bank.   The governing statute provides in pertinent part: "No . . . rescission of the approval of a plan of a subdivision . . . shall affect the lots in such subdivision which have been . . . mortgaged in good faith and for a valuable consideration subsequent to the approval of the plan . . . without the consent . . . of the holder of the mortgage . . . thereon."   G. L. c. 41, § 81W, inserted by St. 1953, c. 674, § 7.   The board does not directly challenge the judge's ruling that the bank is a good faith mortgagee whose consent was required under the statute for a valid rescission.   The board contends, first, that its 1967 decision was merely declarative because, regardless of the decision, its approval has been a nullity since December, 1964.   The reason advanced is the Bighams' failure to comply with a conditional covenant, dated December 4, 1962, and duly recorded, which required them to complete all ways and to install all municipal services (see G. L. c. 41, § 81U) within two years.   While it is true that the granting of the 1963 mortgage was subject to the then recorded covenant (see *Costanza & Bertolino, Inc.* v. *Planning Bd. of No. Reading*, 360 Mass. 677, 679–680) we agree with the judge that subsequent extensions granted by the board in later covenants served to waive this condition.   Second, the board contends that it had a right to rescind its approval because the subdivision plan, when originally approved, was in violation of the town's zoning by-law.   The short answer is that, whatever reason a planning board may have for rescinding a prior approval, it must follow the procedures prescribed in G. L. c. 41, § 81W.   In the instant case, although the board did not need the Bighams' consent, the bank's consent was mandatory under the statute.   For this reason alone, the rescission was a nullity.   Finally, the board questions the standing of the Bighams.   General Laws c. 41, § 81BB, as amended through St. 1957, c. 199, § 2, settles the matter: "*Any person . . . aggrieved . . . by* any decision on a planning board concerning a plan of a subdivision . . . may appeal to the superior court sitting in equity . . .*" (emphasis supplied).   The Bighams, no less than the bank, were "aggrieved" by the board's decision.

*Decree affirmed.*

*Walter G. Bilowz* for the defendant.
*James W. Killam, III*, for Carl A. Bigham & another.
*Edward M. Dangel* (*Theodore C. Regnante* with him) for Melrose Savings Bank.