EDWARD J. O'DELL *vs.* COMMISSIONER OF BANKS. February 24, 1975. If we were to assume that the (undescribed) office or position of "Permanent Director of the Division of Credit Union Examinations" (see the fourth sentence of G. L. c. 26, § 3, as most recently amended by St. 1964, c. 269) which the petitioner held from June 8, 1970, until May 11, 1973, is (or was) one falling within the protection afforded by G. L. c. 30, § 9A (as appearing in St. 1947, c. 242), we would be unable to conclude that the petitioner "held *such* office or position" (*Chairman of State Housing Bd.* v. *Civil Serv. Commn.* 332 Mass. 241, 244 [1955]; emphasis original) for the three-year period required by § 9A. He did not do so as matter of fact, nor do we think he did so as matter of law during the earlier period (from June 15, 1969, until June 7, 1970) when he served as "Acting Director of the Division of Credit Union Examinations" and "assumed the responsibilities and discharged the duties of the Director of Bank Examinations in said Division." During that period he had no right to continue to serve as "Acting Director" (compare *Fantini* v. *School Comm. of Cambridge,* 362 Mass. 320, 324 [1972]), was subject to removal by the Commissioner (compare *Cieri* v. *Commissioner of Ins.* 343 Mass. 181, 184 [1961]), and had no right to be appointed to the position of "Permanent Director" (compare *Murphy* v. *Cambridge,* 342 Mass. 339, 340-341 [1961]).

*Order for judgment affirmed.*

*Anthony J. DiPerna* for the petitioner.
*Terence P. O'Malley,* Assistant Attorney General, for the Commissioner of Banks.

CARL A. BIGHAM & another *vs.* TOWN OF NORTH READING & another.[1] February 24, 1975. The petitioners have attempted to appeal (by a claim filed on May 20, 1974) from orders of the Superior Court allowing the respondents' motions to dismiss a petition brought under G. L. c. 79 by which the petitioners sought to recover under G. L. c. 41, § 81DD, the damages allegedly sustained by them by reason of the action of the town's planning board which was considered in *Bigham* v. *Planning Bd. of No. Reading,* 362 Mass. 860 (1972). The attempt must fail for the reasons set out in *Flint* v. *Wilmington,* 310 Mass. 66 (1941).

*Appeal dismissed.*

*James W. Killam, III,* for the petitioners.
*Edward F. Cregg,* Town Counsel, for the respondents.