WILLIAM J. MURPHY, JR., trustee, *vs.* PLANNING BOARD
OF NORWELL.

Plymouth. April 15, 1977. — June 8, 1977.

Present: HALE, C.J., GOODMAN, & BROWN, JJ.

*Subdivision Control. Statute,* Retroactive statute.

General Laws c. 41, § 81W, as amended by St. 1973, c. 605, could not
be applied retroactively to permit rescission of a planning board's
approval of a definitive subdivision plan of land which the plaintiff
acquired after that approval. [393-398]

BILL IN EQUITY filed in the Superior Court on February
1, 1974.

The case was heard by *Keating, J.,* on a master's report.

*Richard Rogalin* for the plaintiff.

*Edward P. Ryan,* Town Counsel, for the Planning Board
of Norwell.

HALE, C.J. This is an appeal from a judgment of the
Superior Court which upheld the 1974 decision of the
defendant (board) by which it had rescinded its 1968
approval of a definitive plan of subdivision of land which
the plaintiff acquired after that approval. The plaintiff
appealed to the Superior Court under the provisions of
G. L. c. 41, § 81BB. The plaintiff argues, among other
things, (1) that G. L. c. 41, § 81W, as appearing in St. 1953,
c. 674, § 7, does not permit rescission of a subdivision
plan without the consent of the plaintiff and his mort-
gagee,[1] and (2) that G. L. c. 41, § 81W, as amended by

---

[1] General Laws c. 41, § 81W, as appearing in St. 1953, c. 674, § 7,
provides in pertinent part: "No modification, amendment or rescission
of the approval of a plan of a subdivision or change in such plan shall
affect the lots in such subdivision which have been sold or mortgaged
in good faith and for a valuable consideration subsequent to the ap-

St. 1973, c. 605 (effective November 7, 1973), which does not prohibit rescission when there has been a conveyance or a mortgage of the entire parcel of land shown on the subdivision plan, or of all of the lots not previously released by the planning board,[2] is applicable only to definitive plans of subdivision approved subsequent to its effective date.

The facts are not in dispute. In December of 1968 the board approved a subdivision plan entitled "Subdivision Plan of Land on Harbor Lane, Norwell." In December of 1972 the plaintiff purchased the entire tract of land appearing on that plan and at the same time mortgaged this tract to the Quincy Savings Bank to secure a note in the amount of $100,000. The board concedes that the purchase and the mortgage were good faith transactions for valuable consideration. In the spring of 1973 the plaintiff cut some trees along the route of the proposed road specified in the plan in preparation for its construction. On November 6, 1973, the plaintiff conveyed five of the lots shown on the plan to one Turner. The plaintiff received notice of a hearing to be held by the board on December 10, 1973. At that hearing the plaintiff objected to any amendment, modification, or rescission of the board's approval of the definitive plan of subdivision. On January 7, 1974, the board voted to rescind its approval of the "Harbor Lane" plan of subdivision without obtaining the consent of the plaintiff or of his mortgagee.

---

proval of the plan, or any rights appurtenant thereto, without the consent of the owner of such lots, and of the holder of the mortgage or mortgages, if any, thereon."

[2] General Laws c. 41, § 81W, as amended by St. 1973, c. 605, provides in pertinent part: "No modification, amendment or rescission of the approval of a plan of a subdivision or change in such plan shall affect the lots in such subdivision which have been sold or mortgaged in good faith and for a valuable consideration subsequent to the approval of the plan, or any rights appurtenant thereto, without the consent of the owner of such lots, and of the holder of the mortgage or mortgages, if any, thereon; provided, however, that nothing herein shall be deemed to prohibit such modification, amendment or rescission when there is a conveyance or a mortgage to a single grantee or mortgagee of either the entire parcel of land shown on the subdivision plan or of all the lots not previously released by the planning board."

The plaintiff's appeal from the planning board's decision was referred to a master who found, in addition to the facts stated above, that the November 6, 1973, conveyance from the plaintiff to Turner was not in good faith, that Turner was not an innocent purchaser, and that Turner would stand in the same position as the plaintiff for purposes of this litigation.[3] The board's motion for judgment was allowed, and judgment was entered that "[t]he decision of the Planning Board of the Town of Norwell did not exceed its authority and no modification of it is required."

The threshold question is whether G. L. c. 41, § 81W, as amended by St. 1973, c. 605, should be applied retroactively to permit rescission of the defendant's approval. If that question is answered in the negative, then under § 81W, as appearing in St. 1953, c. 674, § 7, the rescission by the board of its approval of the plan was a nullity because it was made without the prior consent of the plaintiff and his mortgagee. *Stoner* v. *Planning Bd. of Agawam,* 358 Mass. 709, 714-715 (1971). *Bigham* v. *Planning Bd. of No. Reading,* 362 Mass. 860 (1972). Adams, Judicial Review Under Subdivision Control Law, 61 Mass. L.Q. 70, 73 (1976). Compare *Bucci* v. *Planning Bd. of Lincoln,* 4 Mass. App. Ct. 775 (1976). "The duty of statutory interpretation is for the courts." *Cleary* v. *Cardullo's, Inc.* 347 Mass. 337, 344 (1964). The Supreme Judicial Court in *Bigham* determined the meaning of G. L. c. 41, § 81W, as appearing in St. 1953, c. 674, § 7. The Legislature's subsequent amendment of § 81W by St. 1973, c. 605, cannot be characterized as a clarification of the former § 81W, as argued by the board, because the added language changed the meaning of the former § 81W as interpreted in *Bigham* by enlarging the power of a planning board to rescind plans beyond the power it held prior to the 1973 amendment.

---

[3] It had been stipulated by the plaintiff that the conveyance to Turner was made to confuse the issue in the hope that the board would not vote to rescind.

In *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3 (1914), the court stated the rule concerning retroactivity of statutes as follows: "The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect · manifestly is required by unequivocal terms. It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." See *Yates* v. *General Motors Acceptance Corp.* 356 Mass. 529, 531 (1969); *Kagan* v. *United Vacuum Appliance Corp.* 357 Mass. 680, 683 (1970); *Canton* v. *Bruno,* 361 Mass. 598, 606 (1972); *City Council of Waltham* v. *Vinciullo,* 364 Mass. 624, 626 (1974); 2 Sands, Sutherland Statutory Construction § 41.04 (4th ed. 1973). If it appears that the Legislature intended the statute to be retroactive in operation, we will give effect to the intent of the Legislature in so far as the State and Federal Constitutions permit. See *Canton, supra,* at 606; *Opinion of the Justices,* 330 Mass. 713, 726 (1953).

The question then becomes whether the amendment of § 81W relates to remedies or to the substantive rights of a single grantee or a mortgagee of the entire parcel. Here the plaintiff acquired the land which was subject to an approved plan of subdivision and the mortgagee made a loan secured by a mortgage on that land at a time when the approval of the subdivision plan could not have been revoked without the assent of both. It seems to us that land approved for a subdivision would have a value greater than that which it would have without such approval. Whatever that increase in value may be, it is one of substance.

Having concluded that substantive rights of the plaintiff are affected by the amended § 81W, we look to see whether the Legislature intended a retroactive effect in "unequivocal terms" or "by necessary implication." *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. at 3. In the absence of very clear statutory language, we do not apply legislation retroactively so as to affect substantive rights. *Brucato* v. *Lawrence*, 338 Mass. 612, 617 (1959). *Old Colony Trust Co.* v. *Commissioner of Corps. & Taxn.* 343 Mass. 613, 619-620 (1962). *Building Inspector of Acton* v. *Board of Appeals of Acton*, 348 Mass. 453, 456 (1965). 2 Sands, Sutherland Statutory Construction § 41.05 (4th ed. 1973). A careful reading of St. 1973, c. 605, and an examination of its legislative history evinces no legislative intent that that statute should apply retroactively.[4] We hold that G. L. c. 41, § 81W, as amended by St. 1973, c. 605, is to be applied prospectively only.[5]

The defendant maintains, relying on *Mulvey* v. *Boston*, 197 Mass. 178, 180-181 (1908), that § 81W is a procedural statute and can thus be retrospective in operation. We do not regard that case as apposite, because it construes a statute of limitations, and such statutes have generally been held to relate only to remedy and procedure. Furthermore, neither the fact that the period of the zoning freeze stopped running when the board voted to rescind (*M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham*, 3 Mass. App. Ct. 446, 458 [1975]) nor the fact that the plaintiff, after rescission, had the right to file an

---

[4] For the legislative history of St. 1973, c. 605, see 1973 House Doc. No. 6200, at 25-26, Appendix Q, p. 56. (Special Report of the Department of Community Affairs Relative to Proposed Changes and Additions to The Zoning Enabling Act, submitted March 14, 1973.) We note that the bill as it appeared in House Doc. 6200 bore the title "An Act clarifying the provisions of the subdivision control law relative to modifications, amendments and rescissions of prior approvals of subdivision plans" and, as enacted, St. 1973, c. 605, bore the title "An Act further regulating modifications, amendments and rescissions of prior approvals of subdivision plans under the subdivision control law."

[5] We are not called upon to consider whether the Legislature could constitutionally have made this legislation retroactive. See G. L. c. 41, § 81DD.

amended plan to cure the deficiencies asserted by the board, served to eliminate any adverse effect on the plaintiff's substantive rights.

As we have held that G. L. c. 41, § 81W, as appearing in St. 1953, c. 674, § 7, is the statute applicable to the instant controversy, it is not necessary to discuss or answer the plaintiff's remaining arguments. The judgment is reversed, and the case is remanded to the Superior Court for the entry of a new judgment annulling the board's decision of January 7, 1974.

*So ordered.*