WILLIAM ALLEN.

CHARLES ALLEN.

WALDO COLBURN.

OLIVER WENDELL HOLMES, JR.

</div>

Boston, November 19, 1883.

OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

Under the Pub. Sts. c. 7, § 45, providing that the Governor, with five at least of the Council, shall "examine" the returns of votes, made by the city and town clerks to the Secretary of the Commonwealth, under § 40, and issue his summons to such persons as appear to be chosen, the Governor has no power to recount the votes.

Under the Pub. Sts. c. 7, § 36, the board of aldermen of a city, upon a proper statement in writing by ten or more qualified voters of any ward, filed with the city clerk within three days following any election, has the jurisdiction and authority to open the envelope containing the ballots thrown at the election, and recount the same, including those for the offices of sheriff and district attorney.

Under the Pub. Sts. c. 7, § 36, providing for the filing, by ten or more qualified voters of a city, of "a statement in writing that they have reason to believe that the returns of the ward officers are erroneous, specifying wherein they deem them in error," a statement that the signers have reason to believe that the returns of the ward officers are erroneous in regard to certain officers mentioned, is sufficient.

ON November 23, 1883, the Governor and Council adopted an order requiring the opinion of the Justices of the Supreme Judicial Court upon the following important questions of law:

1. It being the duty of the Governor and Council to transmit a certificate of choice to the district attorneys and sheriffs who have been elected at any election duly held, in determining who is chosen, have the Governor and Council the power to examine and recount the ballots given in such elections in the several cities and towns, or either of them, in order to ascertain

the true result thereof, the ballots having been sealed up and preserved according to the law by the clerks of the several cities and towns, within the counties and districts respectively, more than one person claiming an election to such office, and contesting the election of another person thereto before the Governor and Council?

2. Have boards of aldermen of cities, upon proper statements in writing in regard to such election, the jurisdiction and authority to open the envelopes and examine the returns of the votes given in the respective cities, and recount the same, to determine the questions raised, so far as they shall relate to sheriffs and district attorneys, and alter and amend such ward returns as have been proved to be erroneous?

3. Is a statement in writing in the words following, viz. "The undersigned, qualified voters of ward one of the city of Lawrence, hereby certify that they have reason to believe that the returns of the ward officers of said ward of the votes cast at the annual election held on November sixth, A. D. 1883, are erroneous, and that they deem said returns to be in error in reference to the offices of sheriff and district attorney," when signed by ten or more qualified voters in each of the several wards in a city, such proper and specific "statement in writing" of errors, as to give jurisdiction and authority to the board of aldermen to make an examination and recount of such ballots, under chapter 7, section 36, of the Public Statutes?

On November 27, 1883, the Justices of the Supreme Judicial Court returned the following opinion:

To His Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court have taken into consideration the questions proposed to them by his Excellency the Governor and the Honorable Council, and respectfully submit the following opinion:

The answers to the questions depend upon the construction and effect of the Public Statutes, which repealed and superseded all prior statutes upon the subject.

Chapter 7 of the Public Statutes provides that, in every election for national, state, county, and district officers, the officers

of each ward in cities, and the selectmen of each town, shall cause all ballots given in such elections, after the same have been sorted, counted, declared, and recorded, to be secured in an envelope and sealed with a seal provided for the purpose, which envelope is to be delivered to the city or town clerk. Public Statutes, chapter 7, sections 27–34.

The thirty-fifth section provides, that "if, within thirty days next following the day of an election, a person who received votes for any office at said election, by himself, his agent or attorney, serves upon the clerk of any city or town a statement in writing, claiming an election to such office, or declaring an intention to contest the election of any other person who has received, or who may receive, a certificate of election for the same, such clerk shall retain the envelope containing the ballots thrown at such election, sealed as provided by law, subject to the order of the body to which either of said persons may claim or be held to have been elected, or until such claim is withdrawn, or such election is decided by the authority competent to determine the same."

The thirty-sixth section provides, that " if, within three days next following the day of any election, ten or more qualified voters of any ward file with the city clerk a statement in writing that they have reason to believe that the returns of the ward officers are erroneous, specifying wherein they deem them in error, said clerk shall forthwith transmit such statement to the board of aldermen or the committee thereof appointed to examine the returns of said election. The board of aldermen, or their committee, shall thereupon, and within five days (Sunday excepted) next following the day of election, open the envelope and examine the ballots thrown in said ward, and determine the questions raised ; they shall then again seal the envelope, either with the seal of the city or a seal provided for the purpose, and indorse upon said envelope a certificate that the same has been opened and again sealed by them in conformity to law ; and the envelope, sealed as aforesaid, shall be returned to the city clerk, who, upon the certificate of the board of aldermen, or of their committee, shall alter and amend such of the ward returns as have been proved to be erroneous, and such amended returns shall stand as the true returns of the ward."

Subsequent sections of the same chapter provide that city and town clerks shall, within ten days of the day of an election for certain state, county, and district officers, including sheriffs and district attorneys, " transmit copies of the records of the votes, attested by them, certified by the mayor and aldermen or select-men, and sealed up," to the Secretary of the Commonwealth, who is, upon receiving such returned copies, to transmit them, as received, with their seals unbroken, to the Governor and Council, " and the Governor, with five at least of the Council, shall, as soon as may be, examine them ; " and, in the cases of sheriffs and district attorneys, the Governor is thereupon to issue a certificate of election to such persons as appear to be elected. Public Statutes, chapter 7, sections 40–45.

The provisions of the thirty-sixth section are clear and explicit, and seem to us to admit of but one construction. They authorize and require the boards of aldermen of cities to recount the ballots cast in any ward, upon the filing of the proper statement in writing, by ten or more qualified voters of the ward, that they have reason to believe that the returns of the ward officers are erroneous.

By the statutes above cited, the Governor and Council are made a board to examine, as soon as may be after receiving them, the returns of votes from the cities and towns for sheriffs, district attorneys, and other officers named, and thereupon the Governor is to issue certificates to such persons as, upon such examination, appear to be elected. We are unable to find in the statutes now in force any provisions which expressly or by implication authorize them to recount the ballots thrown either in cities or towns. The thirty-fifth section, which we have cited above, was intended to provide for the preservation of the ballots as evidence while any contest exists as to the election. The last clause, providing for the keeping of the ballots until " such election is decided by the authority competent to determine the same," does not confer upon any board authority to recount the ballots, but merely provides for their safe keeping as evidence to be used before such body, board, or tribunal as, by other provisions of law, has the power to recount them.

In 1875, the Justices of the Supreme Judicial Court gave to the Governor and Council an opinion that it was competent for

them to recount the ballots cast for district attorney in towns, but not those cast in cities. 117 Mass. 599. This opinion was based upon the statute of 1874, chapter 376, section 47, which provides that the clerk of a town should carefully preserve the envelope containing the ballots, "subject to the order of the legislative body to which such person claims an election, or, in other cases, of the board required by law finally to examine the returns and issue certificates of election; and in all such cases said legislative body or board may take and open said envelope and recount the ballots thus preserved." This gave the Governor and Council express authority to recount the ballots cast in towns for district attorney or for sheriff.

But this provision was repealed by the statute of 1876, chapter 188, and instead thereof the provisions were enacted as they are now found in the Public Statutes. This repeal revoked the authority of the Governor and Council to recount the ballots cast in towns. The opinion then given, so far as it affects the right to recount such ballots, has no application under the laws now in force, but it shows that the Governor and Council then had, and now have, no right to recount the ballots cast in cities; and, by its course of reasoning, strongly tends to show that, under the laws as they now exist, there is no authority in the Governor and Council to recount the ballots cast in towns.

If a statement in writing is filed within three days of an election by ten or more voters of a ward, and it is accepted and acted upon by the board of aldermen, who make a recount, and the city clerk transmits this amended return to the Secretary of the Commonwealth, it may well be doubted whether it would be competent for the Governor and Council to investigate the regularity of the action of the board of aldermen and city clerk, and reject the return upon the ground that some formal defect existed in the original statement in writing. But however this may be, we are of opinion that the statement in this case was sufficient.

The statute contemplates that the statement is to be made by plain people, and technical and narrow rules of construction ought not to be applied to it. It is sufficient if it specifies with reasonable clearness in what respect the returns of the ward officers are supposed to be erroneous.

· The statement, of which a copy is given in the third question, states that the returns of the ward officers of the votes cast are believed to be erroneous in regard to the offices of sheriff and district attorney. Everybody would understand this to mean that there was believed to be a miscount of the votes for these officers. It is impossible in the nature of things to specify the particular errors in detail, and we are of opinion that the statement referred to was sufficient, and required the aldermen to make a recount.

From these considerations, it follows that the first question proposed to us must be answered in the negative, and the second and third questions in the affirmative.

> MARCUS MORTON.
> WALBRIDGE A. FIELD.
> CHARLES DEVENS.
> WILLIAM ALLEN.
> CHARLES ALLEN.
> WALDO COLBURN.
> OLIVER WENDELL HOLMES, JR.