# SUPPLEMENT.

*Governor and Council. Elections,* Corrupt practices.

The Governor and Council, in the performance of their duties under art. 16 of the Amendments to the Constitution of the Commonwealth and G. L. (Ter. Ed.) c. 54, §§ 115, 116, 117, do not have jurisdiction or authority to hear, consider or determine questions of corrupt practices of any character; nor have they power or authority to refrain from a declaration respecting the election of a candidate who appears to be elected if no question is raised as to the accuracy of returns showing such election.

The following order was adopted by the Governor and Council on November 25, 1936, and was transmitted to the Justices of the Supreme Judicial Court on December 1, 1936.

To the Honorable The Justices of the Supreme Judicial Court:

WHEREAS, a petition, attached hereto and marked Exhibit "A", of certain voters of the Fifth Councillor District of Massachusetts, has been submitted to His Excellency the Governor and Council setting forth certain alleged violations of the Corrupt Practice Act at the primary election in said Councillor District on September 15, 1936, also at the state election held on November 3, 1936, by Bayard Tuckerman, Jr., one of the candidates for Councillor at said primary and state elections;

WHEREAS, His Excellency the Governor and Council are petitioned to refrain from issuing a certificate of election to said Bayard Tuckerman, Jr., pending the hearing and determination of certain allegations of illegal and corrupt acts in connection with said elections by said Bayard Tuckerman, Jr.;

WHEREAS, His Excellency the Governor and Council, in conformity with the provisions of Article XVI of the Amendments to the Constitution of Massachusetts and the General Laws (Ter. Ed.), Chapter 54, Sections 115, 116,

117, have examined the returned copies of the records of the votes cast at said state election, particularly the returns of votes cast for Councillor in the Fifth Councillor District;

WHEREAS, the examination of the returns of votes for Councillor in said Fifth Councillor District shows the following tabulation:

FIFTH DISTRICT

| | |
|---|---|
| Julia Goldman of Lynn (Socialist Party) has . . . | 2,693 votes |
| William G. Hennessey of Lynn (Democratic) has . . | 95,766 " |
| William T. Rodd of Topsfield (Prohibitionist) has . . | 1,172 " |
| Bayard Tuckerman, Jr., of Hamilton (Republican) has . | 103,434 " |
| All others . . . . . . . . . . | 2 " ; |

WHEREAS, His Excellency the Governor and Council entertain a doubt as to their power and authority to issue a certificate of election to said Bayard Tuckerman, Jr., or to hear and determine questions of corrupt practices as set forth in the petition hereto annexed;

IT IS ORDERED that the opinion of the Justices of the Supreme Judicial Court be requested by the Governor and Council upon the following important questions of law:

1. Whether His Excellency the Governor and Council, in the performance of their constitutional and statutory obligations to "examine the returned copies of the records for the election", as provided in Article XVI of the Amendments to the Massachusetts Constitution and General Laws (Ter. Ed.) Chapter 54, Sections 115, 116 and 117, or Chapter 55, General Laws (Ter. Ed.), entitled, "Corrupt Practices and Election Inquests", — have jurisdiction and authority to hear, consider, and determine questions of corrupt practices of any character, and particularly those set forth in the petition hereto attached and marked Exhibit "A".

2. Whether under the provisions of Article XVI of the Amendments to the Constitution of Massachusetts or the General Laws (Ter. Ed.), Chapter 54, Sections 115, 116 and 117, His Excellency the Governor and Council have power or authority to refrain from a declaration as to the candidate who appears to be elected in said Fifth Councillor District, there being no question raised as to the accuracy of the returns of votes cast in said district.

### Exhibit "A."

To His Excellency, the Governor, and to the Honorable Council of the Commonwealth of Massachusetts,

Respectfully represents Howard J. Fleming, Catherine J. Ryan, Joseph Broyderick, Simon Saunders, Gertrude Nicholson, William Nicholson, John Brennan, Irene C. Long, Eastman S. MacInnerney, who are inhabitants, taxpayers, and qualified voters, and who had a right to vote for the office of the Executive Council for the Fifth District within the said Commonwealth of Massachusetts, at the primaries, which were held on September 15, 1936, and at the Election, which was held on November 3, 1936.

2. At the primaries, on September 15, 1936, and on election, November 3, 1936, and prior to both of these dates, Bayard Tuckerman, Jr., violated provisions of the Corrupt Practise Act, in connection with the nomination and election to the office of Executive Council from the said Fifth District of the Commonwealth of Massachusetts.

3. That it may appear, after the counting of ballots cast for the office of Executive Council in said Fifth District, that one, Bayard Tuckerman, Jr., received a majority of the votes cast for said office.

4. That the voters of the said Fifth District had the right to vote for the said Bayard Tuckerman, Jr., candidate for the office of Executive Council, and others who were also candidates for the same office.

5. The petitioners respectfully assert that the office of Executive Council is a constitutional office, created by the constitution of the Commonwealth of Massachusetts.

6. The petitioners further respectfully say that the duty imposed upon the Governor and the Executive Council of the Commonwealth by our constitution requires, "The Governor and the Executive Council shall, as soon as may be, examine the return copies of the records for the election of the councillors, and issue a summons for them to appear to be qualified." That such examination and qualification by the Governor and the Governor's Council is conclusive evidence of the determination of the Governor and the Governor's Council as to the election.

7. The petitioners respectfully contend that they have reasons to believe and do believe, that the said Bayard Tuckerman, Jr., did commit a corrupt practise or corrupt practises, as defined by Chapter 55, Section 1, in that the said Bayard Tuckerman, Jr., did expend by himself, or through person or persons, monies far in excess of $1500.00 at the primaries, and monies far in excess of $3000.00 at the election.

8. That it is further contended by your petitioners that the said Bayard Tuckerman, Jr., did violate Section 16, of Chapter 55 by the failure of the said Bayard Tuckerman, Jr., to disclose fully and completely all of the monies or other things of value expended by him, and all of the monies or other things of value expended by persons in his behalf.

9. That your petitioners say and are ready to prove that the said Bayard Tuckerman Jr., by himself, or by another, committed the following offences:

1. Violation of the provision of Section 1, relative to the expenditure of money in excess of the amounts therein authorized.

2. That the return filed by the said Bayard Tuckerman, Jr. is in violation of Provision 16 and 19 of said Chapter 55.

3. Violation of Section 5, of Chapter 55, dealing with the expenditures of monies for the purchase of intoxicating liquors.

10. The petitioners further allege that it is their intention to file appropriate complaints with the Superior Court of this Commonwealth dealing with the Corrupt Practise Act, and to further file proper petitions or complaints with the legislative body of the Commonwealth, protesting the election of the said Bayard Tuckerman, Jr., on the grounds of corrupt practises.

11. It is respectfully submitted that the Governor and Council are deemed, "The Board required by law finally to examine the returns and issue certificates of election", and are consequently authorized by the constitution to

examine corrupt acts by those who claim to have been elected.

12. It is further respectfully submitted that the purity and freedom of elections is fundamental in our present form of government. Scarcely anything can be conceived of more vital to the public welfare than free and honest elections.

WHEREFORE, your petitioners pray:

1. That the Governor and Council do not issue a certificate of election to the said Bayard Tuckerman, Jr.

2. That the Governor and Council make diligent inquiry at a public hearing for the purpose of determining the illegal and corrupt acts charged to have been committed by the said Bayard Tuckerman, Jr.

3. That, pending such investigation and public hearing, this Honorable Body refrain from issuing a summons to the said Bayard Tuckerman, Jr., setting forth that he appears to have been chosen Executive Counsellor from the Fifth District of the Commonwealth of Massachusetts.

4. And for such further or other relief as to this Honorable Body may deem fit and proper.

> JOSEPH H. BROYDERICK
> WILLIAM NICHOLSON
> JOHN M. BRENNAN
> SIMON SAUNDERS
> EASTMAN S. McINNERNEY
> CATHERINE J. RYAN
> GERTRUDE A. NICHOLSON
> IRENE C. LONG

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss　　　　　　　　　November 19, 1936

Before me personally appeared, the above named Eastman S. Innerney, and made oath that he believes the foregoing statements to be true.

(Sgd)　　　HARRY C. MAMBER
　　　　　　　　　Notary Public.

On December 2, 1936, the Justices returned the following answers:

To His Excellency the Governor and The Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court have considered the questions proposed in the order adopted November 25, 1936, copy of which is hereto annexed. The following opinion is respectfully submitted.

The facts recited in the order show that a petition has been presented to His Excellency the Governor and the Honorable Council by certain voters of the Fifth Councillor District setting forth alleged violations of the corrupt practices act by one of the candidates for councillor at the recent election, that His Excellency the Governor and the Honorable Council, in conformity with the provisions of art. 16 of the Amendments to the Constitution and G. L. (Ter. Ed.) c. 54, §§ 115, 116, 117, have examined the returned copies of the records of the votes cast at the recent State election, and particularly those cast for councillor in the Fifth Councillor District, and find them to be as stated in the tabulation contained in the order, that thereby the candidate against whom the petition has been filed appears to have been elected, that the petition presented by certain voters of the Fifth Councillor District sets out the alleged violations of the corrupt practices act and asks that the certificate of election be not issued to said candidate, and that His Excellency the Governor and the Honorable Council hold a public hearing for the purpose of determining the illegal and corrupt acts charged to have been committed, and for further relief.

The duty imposed upon His Excellency the Governor and the Honorable Council by art. 16 of the Amendments to the Constitution is that "the governor, with at least five councillors for the time being, shall, as soon as may be, examine the returned copies of the records for the election of governor, lieutenant-governor, and councillors; and ten days before the said first Wednesday in January he shall issue his summons to such persons as appear to be chosen,

to attend on that day to be qualified accordingly . . ."
It is plain that, by this article of the Constitution, the
Governor and Council are made a board to examine the
returns of votes. The duty imposed is purely ministerial
in its nature. It is in no sense judicial. It confers power
to tabulate the returns. It does not confer power to make
any examination beyond the copies of the records of votes
cast as presented by the Secretary of the Commonwealth.
It imposes no duty and confers no powers respecting al-
leged corrupt practices or other conduct of the candidates
voted for. It does not authorize delay in the official tabu-
lation of the results of the examination of the returned
copies pending any investigation or other proceeding with
reference to alleged corrupt practices. A board of public
officers in the performance of such ministerial duties is not
authorized to go behind the returned copies of the records
of the election in order to hear witnesses, weigh evidence,
or render decisions respecting alleged corrupt practices in
the elections described in the returned copies of the records
of the election.

There is no provision of statute which amplifies or en-
larges the duty and power conferred upon the Governor
and Council by art. 16 of the Amendments. The per-
formance of some details respecting that duty is regulated
by G. L. (Ter. Ed.) c. 54, §§ 115, 116, 117.

This conclusion is required by *Opinion of the Justices*,
136 Mass. 583, where substantially the same question was
answered. To the same effect in substance is *Luce* v.
*Mayhew*, 13 Gray, 83.

The subject of corrupt practices is covered by G. L.
(Ter. Ed.) c. 55. *Ashley* v. *Three Justices of the Superior
Court*, 228 Mass. 63. By that chapter no jurisdiction is
conferred upon the Governor and Council to consider and
determine questions of corrupt practices of any nature.
The provisions of that chapter do not affect or expand in
any way the duties imposed on the Governor and Council
by art. 16 of the Amendments to the Constitution.

Under art. 16 of the Amendments to the Constitution
the duty of examination of the returned copies of the

records for the election of councillors must be performed as soon as may be. No authority to delay such examination for any such reasons as are stated in the petition addressed to the Governor and Council is set forth in art. 16 of the Amendments.

Both questions in the order are answered in the negative.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.