ANSWER OF THE JUSTICES TO THE COUNCIL.

*Constitutional Law,* Opinions of the Justices. *Supreme Judicial Court,* Opinions of the Justices.

The Justices asked to be excused from answering a question propounded to them by the Council with respect to a proposed amendment to the Massachusetts Constitution as to which the Council had already acted and had no present duty; no "solemn occasion" existed under art. 85 of the Amendments to the Constitution. [915–917]

On January 16, 1973, the Justices submitted the following reply to questions propounded to them by the Council.

To the Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this reply to the questions posed in an order of the Honorable Council adopted on December 27, 1972, and transmitted to us on January 2, 1973. A copy of the order is all that was transmitted.

The order reads as follows:

"WHEREAS, the ballot at the State election on November 7, 1972 contained the following proposed amendment to the Constitution (Question #1): Full power and authority are hereby given and granted to the general court to prescribe, for the purpose of developing and conserving agricultural or horticultural lands, that such lands shall be valued, for the purpose of taxation, according to their agricultural or horticultural uses; provided, however, that no parcel of land which is less than five acres in area or which has not been actively devoted to agricultural or horticultural uses for the two years preceding the tax year shall be valued at less than fair market value under this article, and

"WHEREAS, the ballot at the State election on November 7, 1972 contained the following Summary of the above mentioned proposed amendment to the Constitution (Question #1) : The proposed amendment would authorize the Legislature to enact a law that agricultural and horticultural lands shall be valued, for taxation purposes, according to their agricultural or horticultural uses. No parcel of land less than five acres which has not been actively devoted to such uses for two years preceding the tax year could be valued at less than fair market value, and

"WHEREAS, The Governor and Council determined on December 6, 1972 that the proposed amendment (Question #1) appeared to have been approved by a vote of 1,440,093 in the affirmative and 543,143 in the negative, and

"WHEREAS, the existing uncertainty about whether the Summary accurately represented the proposed amendment creates a solemn occasion within the meaning of Article II of Chapter III of Part the Second of the Constitution for the Commonwealth, therefore be it

"ORDERED: That the opinion of the Justices of the Supreme Judicial Court be requested by the Executive Council upon the following important questions of law:

"1. Did the voters express an opinion on Question #1 as passed by two successive Joint Sessions of the Legislature? and,

"2. Did the Summary of Question #1 contain the sum and substance of the measure?"

The source of the authority and the duty of the Justices to render advisory opinions is found in Part II, c. 3, art. 2, of the Massachusetts Constitution, as amended by art. 85 of the Articles of Amendment. That provision authorizes each branch of the Legislature, as well as the Governor or the Council, "to require the opinions of the justices of the supreme judicial court, upon important

questions of law, and upon solemn occasions." We cannot answer the questions posed because there is no present duty confronting the Council as to the performance of which it is in doubt. *Answer of the Justices*, 349 Mass. 802, 803. The duties of the Council, with respect to the vote on proposed constitutional amendments, are specified in G. L. c. 54, § 115, as amended by St. 1952, c. 207. The statute provides that the Secretary of the Commonwealth shall lay before the Governor and Council copies of the records of votes cast; and that the Governor, with at least five Councillors, shall open and examine all such copies. The statute further provides that the Governor and Councillors "shall tabulate said votes and determine . . . what appears to be the result of the votes on any question or questions, and shall forthwith transmit to the state secretary an abstract of such tabulation and determination." The order recites that such determination was made on December 6, 1972. The statutory duty of the Council is to transmit "forthwith" an abstract of the tabulation and determination to the Secretary of the Commonwealth. Since it is given no responsibility with respect to the substantive validity of the proposed amendment, the Council has no matter pending before it as to which an opinion would be material. See *Opinion of the Justices*, 296 Mass. 599, 605. Consequently, there exists no "solemn occasion" requiring the opinion of the Justices. *Answer of the Justices*, 148 Mass. 623, 625–627. *Opinion of the Justices*, 208 Mass. 614, 615. *Answer of the Justices*, 211 Mass. 630, 631. *Answer of the Justices*, 217 Mass. 607, 611–612. *Answer of the Justices*, 290 Mass. 601, 602–604.

The provision that the opinions of the Justices be required only on "solemn occasions" has been strictly construed. Not only does the Constitution define the extent of the duty of the Justices to furnish opinions, but it also limits their right to express them. *Answer of the. Justices*, 358 Mass. 833, 835–836. *Answer of the Jus-*

*tices,* 360 Mass. 903, 904–905.   The boundaries set by the Constitution are jurisdictional and cannot be crossed. The jurisdictional limitations imposed by the Constitution must be strictly observed in order to preserve the fundamental principle of the separation of the judicial from the executive and the legislative branches of government.   *Answer of the Justices,* 148 Mass. 623, 624. We now intimate no opinion on the legal sufficiency of the summary referred to.   This must be left to an appropriate occasion or proceeding.

We regret that we must ask to be excused from answering the questions.

G. JOSEPH TAURO.
PAUL C. REARDON.
FRANCIS J. QUIRICO.
ROBERT BRAUCHER.
EDWARD F. HENNESSEY.
BENJAMIN KAPLAN.
HERBERT P. WILKINS.