## OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law,* Amendment of the Federal Constitution, Opinions of the Justices. *Governor. Supreme Judicial Court,* Opinions of the Justices. *Words,* "Legislatures."

The signature of the Governor is not required under art. V of the Federal Constitution to a resolution, if adopted by the Massachusetts Legislature, applying to Congress to call a convention for proposing Amendments to the Constitution; the word "Legislatures" in the application clause of art. V does not mean the whole legislative process of the State. [878-879]

The Justices declined to answer hypothetical questions propounded by the Senate respecting the calling by Congress of constitutional conventions on the applications of Legislatures [879-880]; and respecting the power of the Massachusetts Legislature to limit the "agenda" of a constitutional convention [880-881].

A resolution pending before the Massachusetts Legislature that it petition the Congress to call a convention for the purpose of proposing a specified amendment to the Constitution of the United States was an "Application" to Congress within the meaning of art. V of the Constitution, and related to a present duty of the Legislature and presented a solemn occasion. [881-882]

On August 24, 1977, the Justices submitted the following answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these responses to the questions set forth in an order adopted by the Senate on June 7, 1977. The order recites that there is pending before the Senate a resolution "calling for a national constitutional convention to consider an amendment to the Constitution to protect the right to life of human beings" (House No. 5984). A copy of the resolution, submitted with the order, refers to "all" human beings, "including their unborn offspring at every stage of their biological development."

The order further recites that grave doubt exists as to the constitutionality of the resolution if adopted, and propounds the following questions:

"1. Does the resolution require the signature of the Governor?

"2. Would the resolution, if adopted in concert with two thirds of the other States, require Congress to call a national constitutional convention, or is it merely a request?

"3. Has the Massachusetts legislature the power to limit the agenda of the constitutional convention to the single issue proposed by the resolution?"

In response to our invitation for briefs, a brief was filed by the Attorney General.

1. The first question is whether the resolution calling for a national convention requires the signature of the Governor under art. V of the United States Constitution. Article V provides: "The Congress, whenever two thirds of both Houses shall deem it necessary, shall propose Amendments to this Constitution or, on the Application of the Legislatures of two thirds of the several States, shall call a Convention for proposing Amendments . . . ."

The function of a State Legislature in amending the Constitution of the United States constitutes a Federal function derived entirely from the Constitution of the

United States. *Leser* v. *Garnett*, 258 U.S. 130, 137 (1922). Under art. V "all power over the subject is vested *exclusively* in the Legislatures of the several States" (emphasis added). *Opinion of the Justices*, 262 Mass. 603, 606 (1928). It seems clear that art. V does not refer to the entire legislative process, including the approval of the Governor. Massachusetts Constitution, Part II, c. 1, § 1, art. 2, as amended. Cf. *Opinion of the Justices*, 370 Mass. 869, 872-874 (1976) (initiative petition). The Supreme Court has ruled that "ratification by a State of a constitutional amendment is not an act of legislation within the proper sense of the word." *Hawke* v. *Smith (No. 1)*, 253 U.S. 221, 229 (1920). Cf. *Hollingsworth* v. *Virginia*, 3 U.S. (3 Dall.) 378, 381 (1798) (signature of President unnecessary). Since the word "Legislatures" in the ratification clause of art. V does not mean the whole legislative process of the State, as defined in our State Constitution, we are of opinion that the word "Legislatures" in the application clause, likewise, does not mean the whole legislative process. *Petuskey* v. *Rampton*, 307 F. Supp. 235, 251 (Utah 1969), rev'd on other grounds, 431 F.2d 378 (10th Cir. 1970), cert. denied, 401 U.S. 913 (1971). See generally, Ervin, Proposed Legislation to Implement the Convention Method of Amending the Constitution, 66 Mich. L. Rev. 875, 888-889 (1968); Bonfield, Proposing Constitutional Amendments by Convention: Some Problems, 39 Notre Dame Law. 659, 665 (1964).

We answer this question in the negative.

2. The second question asks whether an adoption of the resolution by "two thirds of the other States" would require Congress to call a constitutional convention. Article V provides that Congress "on the Application of the Legislatures of two thirds of the several States, *shall* call a Convention for proposing Amendments ..." (emphasis added). The Supreme Court, in *United States* v. *Sprague*, 282 U.S. 716, 730 (1931), interpreted "shall" to mean "must." Alexander Hamilton said, "The words of this article are peremptory. The Congress 'shall call a convention.' Nothing in this particular is left to the discretion of that

body." The Federalist No. 85, 573 (Modern Library 1937). But Congress must of necessity decide whether the conditions exist which give rise to this duty. See Note, Proposing Amendments to the United States Constitution by Convention, 70 Harv. L. Rev. 1067, 1071 (1957). It must decide whether applications for a convention are valid and when a sufficient number of States have petitioned for a convention. "Undivided control of that process has been given by the Article exclusively and completely to Congress." *Coleman* v. *Miller*, 307 U.S. 433, 459 (1939) (Black, J., concurring).

The Massachusetts Constitution requires the Justices of the Supreme Judicial Court to give opinions to the Legislature "upon important questions of law, and upon solemn occasions." Part II, c. 3, art. 2. This provision has been construed to mean that such opinions may be required only respecting pending matters in order that assistance may be gained in the performance of a present duty. See *Answer of the Justices, ante*, 867, 869-870 (1977); *Answer of the Justices*, 148 Mass. 623, 626 (1889). The Senate is requesting us to define Congress's duties regarding constitutional conventions rather than its own. Moreover, the Senate has based its question on the hypothesis that a sufficient number of States propose the same resolution. It is well settled that we cannot answer abstract questions of law or hypothetical questions. *Answer of the Justices*, 364 Mass. 838, 846 (1973). Cf. *Dyer* v. *Blair*, 390 F. Supp. 1287, 1289 (N.D. Ill. 1974) (ripeness). We respectfully decline to answer the question whether Congress must call a convention if the resolution is "adopted in concert with two thirds of the other States."

3. The third question poses similar difficulties. The Senate asks whether the Legislature has "the power to limit the agenda of the constitutional convention to the single issue proposed by the resolution." This question presupposes that two-thirds of the State Legislatures will demand a convention on the same issue. We stated above that we cannot answer hypothetical questions. In the event that the requisite number of State Legislatures demand a con-

vention on this issue, it is unclear what the agenda would be. This has been a topic much discussed in legal literature. See, e.g., Symposium on the Article V Convention Process, 66 Mich. L. Rev. 837 (1968); Rhodes, A Limited Federal Constitutional Convention, 26 U. Fla. L. Rev. 1, 14-17 (1973). Because such a convention has never been successfully called, there are no precedents, either judicial or congressional. But cf. *Opinion of the Justices*, 6 Cush. 573, 575 (1833) (under the Massachusetts Constitution, convention is limited to subject matter voted on by electorate). In any case, the determination of the agenda of the convention rests with Congress or with the convention, and does not involve a present duty of the Legislature. We respectfully decline to answer the question in the present form.

The third question may be read, however, as inquiring whether the resolution in its present form, petitioning the Congress to call a convention "for the purpose of proposing the following article as an amendment to the Constitution of the United States," is an "Application" within the meaning of art. V. Although this question can be finally answered only by Congress, it does relate to a present duty of the Legislature, and hence presents a solemn occasion. The founding fathers anticipated that State Legislatures would propose specific amendments to the Constitution. James Madison said that the Constitution "equally enables the general and the State governments to originate the amendment of errors, as they may be pointed out by the experience on one side, or on the other." The Federalist No. 43, 286 (Modern Library 1937). And Alexander Hamilton said that "every amendment to the Constitution, if once established, would be a single proposition, and might be brought forward singly." The Federalist No. 85, 572 (Modern Library 1937). Ervin, Proposed Legislation to Implement the Convention Method of Amending the Constitution, *supra* at 880-885.

It has been cogently argued that resolutions requesting a specific amendment rather than a fully deliberative convention should be deemed insufficient applications. See,

e.g., Bonfield, The Dirksen Amendment and the Article V Convention Process, 66 Mich. L. Rev. 949, 952-957 (1968); Black, The Proposed Amendment of Article V: A Threatened Disaster, 72 Yale L.J. 957, 962-964 (1963). We think this reading of art. V is too narrow. The article makes "provision for the proposal of amendments ... on application of the legislatures of two-thirds of the States." *Hawke* v. *Smith* (*No. 1*), 253 U.S. 221, 226 (1920). While art. V does not specify the content of the applications, it is intended to invest Congress with a wide range of power in reflecting the will of the people with respect to amendments. Cf. *Dillon* v. *Gloss*, 256 U.S. 368, 373-375 (1921) (reasonable time for ratification). In our opinion the pending resolution, on a fair reading, adequately expresses an application for a constitutional convention. It is for Congress or for the convention to decide whether and to what extent to limit the agenda of the convention.

We therefore decline to answer the third question in its present form, but we believe the pending resolution is an "Application" within the meaning of art. V.

In summary, we answer:

Question 1: "No."

Question 2: We respectfully ask to be excused from answering this question because there is no "solemn occasion."

Question 3: We decline to answer this question in its present form, but we are of opinion that the pending resolution is an "Application" within the meaning of art. V.

The foregoing answers and opinions are submitted by the Chief Justice and the Associate Justices, subscribing hereto on the twenty-fourth day of August, 1977.

EDWARD F. HENNESSEY
FRANCIS J. QUIRICO
ROBERT BRAUCHER
BENJAMIN KAPLAN
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS