## ANSWER OF THE JUSTICES TO THE ACTING GOVERNOR.

*Elections,* Term limitation. *Constitutional Law,* Opinions of the Justices. *Supreme Judicial Court,* Opinions of the Justices. *Governor.*

Where questions propounded to the Justices by the Acting Governor raised no question concerning the power or authority of the Acting Governor, or concerning the Acting Governor's carrying out any present duty, or where the questions presented abstract questions of law, the questions did not present the Justices with a "solemn occasion" within the confines of the constitutional provision authorizing and requiring them to issue an advisory opinion. [1204-1205]

On October 30, 1997, the Justices submitted the following response to questions propounded to them by the Acting Governor.

To His Honor, the Acting Governor of the Commonwealth:

The undersigned Justices of the Supreme Judicial Court respectfully submit their answer to the questions set forth in a request transmitted to us on August 27, 1997.

The request presents the following questions[1] :

---

[1]As background, the Acting Governor's request recites that LIMITS, a group of citizens favoring term limits for elected officials, has submitted to the Attorney General for his certification two proposed constitutional initiative amendments to the Massachusetts Constitution (petitions 97-2 and 97-3) and two proposed statutory initiatives (petitions 97-4 and 97-5). The constitutional initiatives would impose term limits as qualifications for various State offices. The statutory initiatives would permit candidates for Federal offices to pledge to serve only a specified number of terms, and require the Secretary of State to print information about these pledges on the ballots and in voter education materials.

According to the request, LIMITS has tried twice to have term limits be the law of Massachusetts. In 1992, the group presented a proposed initiative amendment to the Legislature, on which, according to the Acting Governor's request, the Legislature "refused to take final action." The group then proposed a statutory initiative prohibiting the names of candidates for various elected offices from being listed on the ballot if the candidates already had

"1.    Can petitions number 97-2 through 97-5 be said to be not substantially the same as chapter 230 of the Acts of 1994 ('chapter 230'), which was submitted to the people at the 1994 biennial state election, either because:

"(a) with respect to petitions 97-2 and 97-3, the fact that chapter 230 was a statute and said petitions are proposed amendments to the Constitution suffices to render the petitions not 'substantially the same' as chapter 230; or

"(b) the fact that, on the one hand, chapter 230 was a ballot access measure and, on the other hand, petitions 97-2 and 97-3 would impose constitutionally required term limits and petitions 97-4 and 97-5 would permit, but not require, candidates to pledge to serve only a specified number of terms and would require the Secretary of State to print information relating to such pledges on the ballot and in voter information materials, suffices to render petitions 97-2 through 97-5 not 'substantially the same' as chapter 230?

"2.    (a) At what point prior to the end of the legislative session is the Governor under a legal obligation to call a joint session of the legislature or a continuation thereof for the purpose of taking final action on all proposed constitutional amendments pending before the legislature?

---

served more than a specified number of terms. The voters approved this statute in the 1994 election. See St. 1994, c. 230. The Supreme Judicial Court, however, invalidated the statute as unconstitutional. See *League of Women Voters* v. *Secretary of the Commonwealth*, 425 Mass. 424 (1997).

According to the request, the current initiatives represent an attempt to place term limits on the ballot in 1998. Under the Constitution, however, no initiative may be submitted to the Legislature or to the voters unless the Attorney General certifies that it is not substantially the same as any other measure that qualified for submission or was submitted to the voters at either of the last two biennial State elections. See art. 48, The Initiative, Part II, § 3. Chapter 230 of the Acts of 1994 is such a measure. Furthermore, if any proposed amendment has enough signatures by registered voters and reaches the Legislature, it may become necessary for the Governor to call a joint session or continuance thereof for the purpose of taking final action on them. See art. 48, The Initiative, Part IV, § 2.

"(b) What constitutes final action on a proposed
constitutional amendment such that the Governor is
no longer under any obligation to call a joint session
of the legislature or a continuation thereof for the
purpose of taking final action on such proposed
constitutional amendment?

"3.     Can the Governor require the legislature to take final
action on a proposed constitutional amendment pend-
ing before it?"

The Massachusetts Constitution requires the Justices of the
Supreme Judicial Court to give opinions to the Legislature,
Governor, or Council "upon important questions of law, and
upon solemn occasions." Part II, c. 3, art. 2, of the Mas-
sachusetts Constitution. A solemn occasion exists "when the
Governor or either branch of the Legislature, having some ac-
tion in view, has serious doubts as to their power and authority
to take such action, under the Constitution, or under existing
statutes." *Answer of the Justices*, 364 Mass. 838, 844 (1973),
quoting *Answer of the Justices*, 148 Mass. 623, 626 (1889). The
Justices consistently have construed this provision to mean that
opinions are required "only respecting pending matters in order
that assistance may be gained in the performance of a present
duty." *Opinion of the Justices*, 373 Mass. 877, 880 (1977).
*Answer of the Justices*, 364 Mass. 838, 844 (1973). *Answer of
the Justices*, 211 Mass. 630, 631 (1912). When the opinion of
the Justices on a particular issue would not assist the requesting
body in carrying out a present duty, the Justices refrain from
rendering such an opinion. *Opinion of the Justices*, 413 Mass.
1201, 1216 (1992). *Answer of the Justices*, 364 Mass. at 844.

The solemn occasion provision traditionally has been
construed strictly. *Answer of the Justices*, 362 Mass. 914, 916
(1973). Part II, c. 3, art. 2, of the Massachusetts Constitution
specifies both the extent and limits of the Justices's authority to
render advisory opinions. *Answer of the Justices*, 373 Mass.
898, 901 (1977). *Answer of the Justices*, 362 Mass. at 916. The
Justices must strictly adhere to these jurisdictional boundaries
set by the Constitution in order to safeguard the separation of
powers embodied in art. 30 of the Massachusetts Declaration of
Rights. *Answer of the Justices*, 373 Mass. at 901. *Answer of the
Justices*, 362 Mass. at 916-917. *Answer of the Justices*, 150

Mass. 598, 601 (1890). *Answer of the Justices*, 148 Mass. at 624. If there is no present duty, no solemn occasion exists and the Justices are constitutionally constrained from rendering an advisory opinion regardless of the importance of the particular questions. *Answer of the Justices*, 406 Mass. 1220, 1224 (1989). *Answer of the Justices*, 373 Mass. at 901.

*Question 1.* Question 1 asks whether the current petitions can be said to be "not substantially the same" as c. 230. As the Acting Governor correctly points out in his request, under the Massachusetts Constitution, art. 48, The Initiative, Part II, § 3, the Attorney General must make this determination.[2] Question 1, therefore, does not ask any question about the Acting Governor's power or authority. Because Question 1 does not raise any question concerning the power or authority of the Acting Governor, there is no solemn occasion. See *Answer of the Justices*, 364 Mass. at 844-846 (declining to answer questions regarding the authority of the Secretary of Environmental Affairs, in part because the Governor had no duty to act).

*Question 2(a).* Although the Acting Governor recites a history of inaction on proposed constitutional amendments by prior Legislatures, the current Legislature has not yet had the proposed initiatives submitted to it. The Acting Governor's recitation cites only the "possibility" that the Legislature may refuse to take action on them.

The Acting Governor's request is premature. The actions of previous Legislatures are not necessarily predictive of what the current Legislature will do. See, e.g., *Paisner* v. *Attorney Gen.*, 390 Mass. 593, 600 (1983). Until the Legislature fails to take final action on a proposed constitutional amendment properly before it, there is no present duty on the Governor under art. 81, § 1, of the Amendments to the Massachusetts Constitution. Therefore, on the facts set forth by the Acting Governor there is no solemn occasion. The Justices respectfully decline to answer Question 2(a).

*Questions 2(b) and 3.* In addition to the "present duty" limitation of the Justices's power to render advisory opinions is the stricture against answering abstract questions of law or hypothetical questions. *Answer of the Justices*, 364 Mass. at 846. *Opinion of the Justices*, 324 Mass. 736, 745 (1949), and

---

[2]In his brief, the Attorney General states that he has issued his opinion.

cases cited. "[A] 'desire for information as to abstract legal propositions affords no ground for requiring an opinion of the Justices.' " *Opinion of the Justices*, 314 Mass. 767, 771 (1943), quoting *Answer of the Justices*, 217 Mass. 607, 611 (1914). Moreover, the Constitution does not "require [the Justices] to give opinions upon abstract questions to which answers [are] not made necessary by any immediately existing occasion." *Opinion of the Justices*, 324 Mass. at 745. Questions 2(b) and 3 present abstract questions of law without an actual, specific factual context in which to analyze them. See *Answer of the Justices*, 364 Mass. at 846. Therefore, the Justices respectfully decline to answer these questions.

*Conclusion.* For all the foregoing reasons, the Justices respectfully decline to answer the Acting Governor's questions.

The foregoing answer is submitted by the Chief Justice and the Associate Justices subscribing hereto on the thirtieth day of October, 1997.

HERBERT P. WILKINS

RUTH I. ABRAMS

NEIL L. LYNCH

JOHN M. GREANEY

CHARLES FRIED

MARGARET H. MARSHALL

RODERICK L. IRELAND