ANSWER OF THE JUSTICES TO THE SENATE.

*Constitutional Law,* Opinions of the Justices. *Supreme Judicial Court,* Opinions of the Justices.

Where questions propounded to the Justices by the Senate were based on a series of hypothetical intervening events that could or could not occur, the questions did not afford any grounds for requiring an opinion of the Justices with regard to any immediately existing occasion under Part II, c. 3, art. 2, of the Massachusetts Constitution. [1210-1211]

On December 20, 2002, the Justices submitted the following answer to questions propounded by them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these responses to the questions set forth in an order adopted by the Senate on December 5, 2002, and transmitted to this court on that day respecting three proposed constitutional amendments. The order is as follows:

> "Whereas, Article XLVIII of the Amendments to the Constitution, as amended, ('Article 48') provides for joint sessions of the Senate and House of Representatives in order to consider proposed constitutional amendments; and

> "Whereas, the members of the Senate are among the members of the joint session, and the President of the Senate is the presiding officer of the joint session, under Article 48; and

> "Whereas, three proposed constitutional amendments (the 'proposed amendments') were properly laid before the joint session on May 1, 2002 under Article 48: a Proposal for Legislative Amendment to the Constitution relative to a vacancy in the office of Governor or Lieutenant-Governor (House, No. 799); a Proposal for a Legislative Amendment to the Constitution relative to the tenure of judicial officers (House, No. 3357); and an Initiative Amendment

to the Constitution relative to the protection of marriage (House, No. 4840) (see attached Calendar of the Joint Session); and

"Whereas, the joint session considering the proposed amendments then recessed until June 19, and then again until July 17, 2002, when it voted finally to adjourn by a recorded rollcall vote of 137-53; and

"Whereas, on December 3, 2002, the Acting Governor required the opinions of the Justices of the Supreme Judicial Court on questions about her possible duty under Article 48 to call a joint session to consider further the proposed amendments; and

"Whereas, if the Acting Governor does call such a joint session, it is likely that some member of the joint session will again move to adjourn, under Special Rule F of the joint session and Rule 64 of the House of Representatives, which applies to the joint session according to Special Rule J; and

"Whereas, grave doubt exists about the duties under Article 48 of the President of the Senate and of the joint session if a motion is made to adjourn the joint session; therefore be it

"Ordered, that the opinions of the Honorable Justices of the Supreme Judicial Court be required on the following important questions of law:

"1. Would a member of the joint session violate Article 48 by moving to adjourn before the joint session otherwise takes action on any of the proposed amendments?

"2. Would the President of the Senate, as presiding officer of the joint session, violate Article 48 by recognizing a motion to adjourn before the joint session otherwise takes action on any of the proposed amendments?

"3. Would the joint session violate Article 48 by voting to adjourn before otherwise taking action on any of the proposed amendments?

"4. If the joint session votes to adjourn before otherwise taking action on any of the proposed amendments, does Article 48 require any further action by the President of the Senate?"

The Massachusetts Constitution requires the Justices of the Supreme Judicial Court to give opinions to the Legislature, Governor, or Executive Council "upon important questions of law, and upon solemn occasions." Part II, c. 3, art. 2, of the Massachusetts Constitution, as amended by art. 85 of the Amendments. A solemn occasion exists when the Governor or either branch of the Legislature, having some action in view, has serious doubts as to the power and authority to take such action, under the Constitution, or under existing statutes. *Answer of the Justices*, 364 Mass. 838, 844 (1973). The Justices have construed this provision to mean that opinions are required "only respecting pending matters in order that assistance may be gained in the performance of a present duty." *Answer of the Justices*, 211 Mass. 630, 631 (1912). See *Opinion of the Justices*, 373 Mass. 877, 880 (1977); *Answer of the Justices*, 364 Mass. at 844.

The solemn occasion provision of the Constitution is construed strictly. *Answer of the Justices*, 362 Mass. 914, 916 (1973). "Not only does the Constitution define the extent of the duty of the Justices to furnish opinions, but it also limits their right to express them." *Id.* See *Answer of the Justices*, 214 Mass. 602, 603 (1913). The Justices must adhere strictly to the jurisdictional boundaries established by Part II, c. 3, art. 2, in order to safeguard the separation of powers embodied in art. 30 of the Massachusetts Declaration of Rights. *Answer of the Justices*, 426 Mass. 1201, 1203 (1997). *Answer of the Justices*, 373 Mass. at 901. *Answer of the Justices*, 362 Mass. at 916-917. *Answer of the Justices*, 150 Mass. 598, 601 (1890). In addition to the "present duty" limitation on the Justices's power to render advisory opinions is the requirement that the court not answer abstract questions of law or hypothetical questions. *Answer of the Justices*, 426 Mass. at 1204. *Opinion of the Justices*, 324 Mass. 736, 745 (1949), and cases cited.

The questions presented by the Senate are based in part on the following: the fact that the Acting Governor on December 3, 2002, requested the opinion of the Justices on her possible duty under art. 48 to call a joint session; the possibility that the Acting Governor might call such a joint session; that the joint

session might convene before the legislative session ends on December 31, 2002; the possibility that some members of the joint session might move to adjourn; and the possibility that the joint session might adjourn. Because the questions are based on a series of hypothetical intervening events that may or may not occur, we conclude that they afford no grounds for requiring an opinion of the Justices with regard to any immediately existing occasion. See *Answer of the Justices*, 426 Mass. at 1205; *Answer of the Justices*, 364 Mass. at 846.

"There is always present the desire on the part of the Justices to comply with the request for an opinion under this clause of the Constitution [Part II, c. 3, art. 2] out of respect to the wishes of a co-ordinate department of government, but the duty of conformity to the meaning of this clause is a continuing one and cannot be avoided." *Answer of the Justices*, 290 Mass. 601, 603 (1935).

Accordingly, the Justices respectfully decline to answer the questions of the Senate.

The foregoing answer is submitted by the Chief Justice and the Associate Justices subscribing hereto on the twentieth day of December, 2002.

MARGARET H. MARSHALL

JOHN M. GREANEY

RODERICK L. IRELAND

FRANCIS X. SPINA

JUDITH A. COWIN

MARTHA B. SOSMAN

ROBERT J. CORDY